## Carney v. Luzerne County

*J. J. Hibbard,* for defendant.

COUGHLIN, J., June 14, 1932. — This is a case stated. The plaintiff was appointed the high constable of West Pittston Borough to fill an unexpired term. He acted and performed his duties as such, and in addition thereto served certain warrants and writs in said borough and in adjoining townships and cities.

A defendant having been charged with larceny by bailee and embezzlement before an alderman in the City of Pittston, the warrant and commitment therein following hearing was executed by plaintiff as high constable of the adjoining borough. Payment of his fee, amounting to $4.44, has been refused. Hence, the case stated.

The question involved is whether a high constable is entitled to compensation from the county for services performed in serving a warrant or any legal process other than when executed for the burgess of his borough.

The General Borough Act of May 4, 1927, P. L. 519, revises, amends and consolidates the law relating to boroughs. It provides for the office of high constable, granting him the power and authority of constables for the several townships in the county, and provides for his subscribing to an oath and the filing of the same among the borough records, the borough regulating the bond required. This act is but a reënactment of prior legislation in so far as it relates to high constables. The office is a part of the borough scheme of government in the same manner as the office of burgess is, the former executing the orders of the latter. A constable is not a borough officer under the law pertaining to boroughs. His status is defined by separate legislation, and a high constable is not a county officer: Doylestown's High Constable, 16 Pa. C. C. 90.

When the legislature granted a high constable the power and authority of constables of the several townships of the county, it did not extend his field of activity but defined his duty within his bailiwick: Harbold v. Bailey, 11 Dist. R. 736.

No provision is made in any act for the filing of a bond upon the part of a high constable, or his qualification in court, and, therefore, it cannot be held that the legislature intended that such an officer should be entrusted generally with the service of writs, executions and warrants. Had it been intended that he should have the general power of constables, the legislature would have prescribed a bond to guarantee faithful performance and a proper oath filed in court.

Judgment for the defendant and against the plaintiff.

From Frank P. Slattery, Wilkes-Barre, Pa.